STATE OF WISCONSIN, Plaintiff-Respondent,

v.

Langston C. AUSTIN, Defendant-Appellant.

Court of Appeals

*No. 2012AP11–CR. Submitted on briefs January 29, 2013.*
*—Decided July 30, 2013.*

2013 WI App 96

(Also reported in 836 N.W.2d 833.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew R. Hinkel*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *Michael C. Sanders*, assistant attorney general.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. KESSLER, J. Langston C. Austin appeals from a judgment of conviction, entered upon a jury's verdicts, on two counts of second-degree recklessly endangering safety. Austin also appeals from an order denying his motion for postconviction relief. We agree with Austin's fundamental argument that the jury was not properly instructed and, in the interests of justice, we reverse and remand the matter for a new trial.

## BACKGROUND

¶ 2. On March 17, 2009, two groups of five to six people each had a physical confrontation on Hampton Avenue. The confrontation ended when Austin stabbed two of the other group's members. As a result of the stabbings, Austin was charged with two counts of first-degree recklessly endangering safety with a dangerous weapon. Testimony about what led to the stabbings varied greatly. However, it suffices for our pur-

747

poses to note that Austin presented enough evidence to successfully raise both self-defense and defense of others as issues for the jury's consideration. The "other" in this case is described as Austin's cousin.[1]

¶ 3. As to the substantive crimes, the jury was instructed on both first-degree recklessly endangering safety as well as the lesser-included offense of second-degree recklessly endangering safety. It is the additional instructions for self-defense and defense of others that are at the heart of this appeal; those instructions will be discussed in more detail below. The jury acquitted Austin of the first-degree charges but convicted him on the second-degree charges. He was sentenced to one and one-half years' initial confinement and two years' extended supervision for each count, to be served consecutively.

¶ 4. A postconviction motion to vacate the DNA surcharge was granted; a subsequent no-merit appeal was rejected. *See State v. Austin*, No. 2010AP2580 –CRNM, unpublished slip op. and order (WI App Aug. 4, 2011). Following remittitur, Austin filed a new postconviction motion. Austin challenged various aspects of the self-defense and defense-of-others jury instructions. Because challenges to the substance of jury instructions must generally be made by contemporaneous objection, *see* Wis. Stat. § 805.13(3) (2011–12)[2], Austin's postconviction motion alleged that trial counsel was ineffective for failing to timely object and that the jury instruction errors were structural errors requiring a new trial in the interests of justice. The circuit court denied the motion without a hearing. It concluded that the objec-

---

[1] It is not clear whether this is a cousin by blood or merely a colloquial reference to a close friend.

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

tions to the instructions were waived and that there was no ineffective assistance of trial counsel because there was no prejudice, as no reasonable jury would have agreed with self-defense or defense of others.

## DISCUSSION

### I. Standards of Review

¶ 5. Jury instruction "is a crucial component of the fact-finding process." *State v. Schulz*, 102 Wis. 2d 423, 426, 307 N.W.2d 151 (1981). The trial court has broad discretion when instructing the jury, but must exercise its discretion in order to fully and fairly inform the jury of the applicable law. *See State v. Ziebart*, 2003 WI App 258, ¶ 16, 268 Wis. 2d 468, 673 N.W.2d 369.

¶ 6. "A jury instruction is erroneous if it fails to clearly place the burden of proving all elements of the offense on the State." *State v. Patterson*, 2010 WI 130, ¶ 53, 329 Wis. 2d 599, 790 N.W.2d 909. We examine the instructions as a whole to determine whether it was reasonably likely that the jury understood the instructions to allow a conviction based on insufficient proof. *Id.* "Whether a jury instruction is appropriate, under the given facts of a case, is a legal issue subject to independent review." *Ziebart*, 268 Wis. 2d 468, ¶ 16.

### II. The Jury Instructions

¶ 7. In this case, the jury was instructed in relevant part as follows. The circuit court started with the introductory language from the instructions for first-degree recklessly endangering safety. It then advised the jury that self-defense was an issue in the case and

749

explained the substantive law of self-defense.[3] To provide the instruction on self-defense, the circuit court utilized WIS JI—CRIMINAL 801, which, according to the comments, was drafted to incorporate the elements of the charged crime. Therefore, after explaining the substantive law on self-defense, the court explained the State's burden of proof on the three elements of first-degree recklessly endangering safety.[4] However, there

---

[3] Instructions on retreat and provocation were also given, but neither is relevant to this appeal.

[4] The instruction as actually given was, in relevant part, as follows:

> First degree recklessly endangering safety . . . is committed by one who recklessly endangers the safety of another human being under circumstance that show utter disregard for human life.

> Self defense is an issue. In deciding whether the defendant's conduct was criminally reckless conduct which showed utter disregard for human life, you must also consider whether the defendant acted lawfully in self defense. The law of self defense allows the defendant to threat[en] or intentionally use of force against another, only if: [three conditions are present.]

> . . . .

> Before you may find the defendant guilty of any count of first degree recklessly endangering safety, the [S]tate must prove by eviden[ce] which satisfies you beyond a reasonable doubt that the following three elements were present with respect to that count. As to each count, that the defendant endangered the safety of another human being.

> Two, as to each count, that the defendant endangered the safety of another by criminally reckless conduct. Criminally reckless conduct means the conduct created risk of death or great bodily harm to another person; and the risk of death or great bodily harm was unreasonable and substantial; and the defendant was aware his conduct created the unreasonable and substantial risk of death or great bodily harm . . . . You should consider the evidence relating to self-defense in deciding whether the defendant's conduct created an unreasonable risk to another. If the defendant was acting lawfully in self-defense, his conduct did not create an unreasonable risk to another.

750

was no mention of the burden of proof relative to self-defense.

¶ 8. The circuit court then also instructed the jury on defense of others relative to the first-degree charges. Following Wis JI—Criminal 825, the circuit court informed the jury that "[t]he state must provide by evidence which satisfies you beyond a reasonable doubt that the defendant did not act lawfully in defense of others."

¶ 9. Next, the circuit court instructed the jury on the lesser-included crime of second-degree recklessly endangering safety. While again noting that self-defense was an issue, the circuit court told the jury that it had already given the instruction on self-defense and, therefore, would not repeat it. Similarly to the first-degree instructions, the circuit court then instructed the jury on the State's burden of proof for the two elements constituting second-degree recklessly endangering safety.

¶ 10. The defense-of-others instruction was not given for the second-degree offenses. Instead, the only mention of defense of others was that the jury "should consider the evidence relating to self-defense, *as well as defense of others,* in deciding whether the defendant's

---

Third element, three, as to each count, that the circumstance of the defendant's conduct showed utter disregard for human life. In determining whether the conduct showed utter disregard for human life, you should consider these factors. What the defendant was doing; why the defendant was engaged in that conduct; how dangerous the conduct was; how obvious the danger was; whether the conduct shows any regard for life; and, all other facts and circumstance to the conduct. You should consider the evidence relating to self-defense in deciding whether the defendant's conduct showed utter disregard for human life.

(Multiple paragraph breaks omitted.)

751

conduct created an unreasonable risk to another. If the defendant was acting lawfully in self-defense *or in defense of others,* his conduct did not create an unreasonable risk to another." (Emphasis added.) There was no mention of the State's burden of proof as to either defense for the second-degree instructions.

¶ 11. Austin claims the instructions were erroneous because the self-defense instructions failed to tell the jury that the State had to disprove self-defense beyond a reasonable doubt. Further, he contends that this error was compounded by the juxtaposition of the first defense-of-others instruction, which *did* instruct the jury that the State had to disprove the defense. That is, Austin suggests that the omission of the burden of proof for self-defense, contrasted with the inclusion of the burden of proof for defense-of-others, may have suggested to the jury that the State did not have the burden of proof on the self-defense claim. Austin also claims that it was error for the circuit court to omit the instruction on defense of others from the second-degree instructions.

### III. Self-Defense

■

¶ 12. Self-defense is generally viewed as an affirmative defense. *See, e.g., State v. Head,* 2002 WI 99, ¶ 64, 255 Wis. 2d 194, 648 N.W.2d 413. "An 'affirmative defense' is . . . 'a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim even if all allegations in the complaint are true.' " *State v. Watkins,* 2002 WI 101, ¶ 39, 255 Wis. 2d 265, 647 N.W.2d 244 (citation and emphasis omitted). When an affirmative defense is successfully put at issue, the burden is on the State to disprove the

defense beyond a reasonable doubt.[5] *See Head,* 255 Wis. 2d 194, ¶ 106. It is error if the jury is not so advised; omission of a burden of proof is a misstatement of the law that renders the jury instructions erroneous. *See Patterson,* 329 Wis. 2d 599, ¶ 53.

██ ██

¶ 13. The State contends that because Austin was charged with a reckless, rather than intentional crime, his claim of self-defense is a negative, not affirmative, defense. A negative defense serves to negate the elements of a crime that the State must prove.[6] *See Watkins,* 255 Wis. 2d 265, ¶ 40. As such, the State contends that the instruction on the burden of proof for self-defense was not required.

¶ 14. The State bases this argument on the pattern jury instructions. Both WIS JI—CRIMINAL 800 and 801 supply self-defense instructions. Instruction 800, "intended for use with crimes involving the intentional causing of bodily harm," informs a jury of the burden of proof, telling them that the State "must prove by evidence . . . beyond a reasonable doubt that the defendant did not act lawfully in self-defense."[7] Instruction

---

[5] "Successfully" putting self-defense at issue means the defendant has satisfied the burden of production. Here, it is undisputed that Austin fulfilled this burden.

[6] As an example of the contrast between affirmative and negative defense, a defendant raising the affirmative defense of perfect self-defense may be found not guilty, even if the State proves the defendant intentionally killed his victim. *See State v. Watkins,* 2002 WI 101, ¶ 39, 255 Wis. 2d 265, 647 N.W.2d 244. An intentional-homicide defendant raising the defense of accident is not truly raising an affirmative defense because the claim of accident, successfully shown, negates the intent element of intentional homicide. *Id.*

[7] The quoted description of the intent of WIS JI—CRIMINAL 800 is found in the comments to WIS JI—CRIMINAL 801.

801, which specifies that it is for "crimes involving criminal recklessness or criminal negligence," does not include this section. *See* WIS JI—CRIMINAL 801 (cmt).

¶ 15. The State directs us to the comments for WIS JI—CRIMINAL 801, which further explain this difference:

> The [Jury Instruction] Committee concluded that the description of the privilege should be integrated with the definitions of recklessness or negligence. This is because both concepts require that conduct create an unreasonable risk of harm. A risk of harm is not unreasonable if the conduct undertaken is a reasonable exercise of the privilege of self defense . . . . [C]riminal recklessness or criminal negligence and lawful actions in self defense cannot coexist . . . .
>
> . . . .
>
> This approach treats the privilege differently in recklessness cases than in cases involving the intentional causing of harm. In the latter, intent to cause harm and self defense can exist at the same time. Thus, the absence of the privilege is identified as a fact the state must prove in addition to the statutorily defined elements of the intentional crime.

¶ 16. The Committee's explanation notwithstanding, we believe that when a defendant successfully makes self-defense an issue, the jury must be instructed as to the State's burden of proof regarding the nature of the crime, even if the defense is a negative defense. *See Schulz*, 102 Wis. 2d at 429–30 (if defense is attack on element of crime, "the [S]tate bears the burden of proving this element beyond a reasonable doubt" and when a negative defense is asserted, "the burden of persuasion cannot be placed upon the defendant without violating his right to due process"); *see also State v. Pettit*, 171 Wis. 2d 627, 640, 492 N.W.2d 633 (Ct. App.

1992) (If a defendant successfully raises a negative defense, "the burden is upon the [S]tate to prove beyond a reasonable doubt that defendant's evidence did not negate an element necessary to convict.").

¶ 17. WISCONSIN JI—CRIMINAL 801 informs the jury that it "should consider the evidence relating to self-defense in deciding whether the defendant's conduct created an unreasonable risk to another. If the defendant was acting lawfully in self-defense, [his] conduct did not create an unreasonable risk to another." By itself, however, this standard instruction implies that the *defendant* must satisfy the jury that he was acting in self-defense. In doing so, the instruction removes the burden of proof from the State to show that the defendant was engaged in criminally reckless conduct.[8]

¶ 18. Consequently, we are not convinced that the jury instructions in this case provided the jury with a proper statement of the law of self-defense. *See Ziebart*, 268 Wis. 2d 468, ¶ 16.

## IV. Defense of Others

¶ 19. With regard to the lack of defense-of-other instructions in the second-degree instructions, the State claims that the circuit court's instruction, though not identical to the defense-of-others instruction given for the first degree charges, was nevertheless proper. However, the circuit court merely told the jury to

---

[8] Further, while the Committee's comments are generally useful, we do not fully follow their reasoning in omitting an instruction on the burden of proof for self-defense in negligent and reckless crimes when the closely related defense-of-others theory has only one instruction, WIS JI—CRIMINAL 825, which instructs the jury on the State's burden of proof irrespective of whether the underlying crime is intentional or negligent/reckless.

"consider the evidence relating to . . . defense of others, in deciding whether defendant's conduct created an unreasonable risk . . . . If the defendant was acting lawfully . . . in defense of others, his conduct did not create an unreasonable risk to another." We do not agree that this was adequate: the instruction on the State's burden of proof is wholly omitted. Thus, the instructions are erroneous. *See Patterson*, 329 Wis. 2d 599, ¶ 53.

## V. Waiver, Ineffective Assistance, and Interests of Justice

¶ 20. Having established that the jury instructions were erroneous in this case, we now turn to the question of what remedy, if any, is available. As previously stated, a failure to timely object to jury instruction generally results in "waiver" of any challenges to those instructions.[9] *See* Wis. Stat. § 805.13(3); *see also State v. McDowell*, 2003 WI App 168, ¶ 73, 266 Wis. 2d 599, 669 N.W.2d 204. For that reason, Austin couched his postconviction motion in terms of ineffective assistance of trial counsel, which of course requires a showing of deficient performance and prejudice therefrom. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The circuit court concluded that there was no prejudice

---

[9] In *State v. Ndina*, 2009 WI 21, 315 Wis. 2d 653, 761 N.W.2d 612, our supreme court clarified the distinction between the terms "forfeiture" and "waiver." "Although cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.' " *Id.*, ¶ 29 (citation omitted). "Forfeiture" is the better term in this context, but we use "waiver" to be consistent with Wis. Stat. § 805.13(3).

because it determined that "no reasonable jury could have found that the defendant acted in self-defense or in defense of others."

¶ 21. We are not so persuaded. We know that the jury did not convict Austin on the first-degree charges, but we do not know why. It is possible that the jury rejected both defenses, faulty jury instructions notwithstanding, but was simply not convinced that Austin's conduct "showed utter disregard for human life," the additional element that elevates reckless endangerment from second-degree to first-degree. However, it is also possible that the jury determined that the State had not adequately disproved defense of others and, having been properly instructed on that defense relative to the first-degree charges, acquitted Austin of those charges while convicting on the differently-instructed second-degree crimes.

¶ 22. We further do not know what difference, if any, a proper instruction on self-defense would have made. That is, had the jury concluded Austin was guilty of either degree of recklessly endangering safety and rejected defense of others, we simply do not know whether, given all of the testimony about what led to the stabbings, the jury would have believed Austin—who was twenty years older, five inches shorter, and ten to twenty pounds lighter than his victims—was acting in self-defense and acquitted him on that ground. Given these uncertainties regarding the verdict, we are not confident that counsel's lack of objection did not result in prejudice.

¶ 23. However, it is not necessary for this court to remand for a hearing on counsel's ineffectiveness. It is undisputed that Austin stabbed both victims. The only real issue was whether Austin was properly acting in

his or his cousin's defense. By not properly instructing the jury, the circuit court failed to provide it with the proper framework for analyzing that question. Thus, regardless of whether trial counsel's performance was prejudicial, we conclude this is one of those very limited instances in which we must reverse and remand for a new trial in the interests of justice. *See State v. Perkins*, 2001 WI 46, ¶ 12, 243 Wis. 2d 141, 626 N.W.2d 762 (An appellate court "may reverse a conviction based on a jury instruction regardless of whether an objection was made, when the instruction . . . arguably caused the real controversy not to be fully tried.").

*By the Court.*—Judgment and order reversed and cause remanded.