SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶64 I agree with Presiding Judge Paul Reilly, who correctly emphasized the illogic of "believ[ing] that a jury may utilize instructions for crimes not under consideration to fix erroneous instructions for the crime under consideration."[1]
¶65 The majority incorrectly "fixes" the circuit court's self-defense instructions by irrationally assuming that the phrase "As I previously indicated" means "apply the self-defense instruction I gave for crimes of which you have found the defendant not guilty despite *454 any differences the previous instruction might have when compared with the self-defense instruction I am giving now."
¶66 In my view, the court of appeals decision in State v. Austin, 2013 WI App 96, 349 Wis. 2d 744, 836 N.W.2d 833, is on all fours with the facts of the instant case. Austin rejected the very same illogic that the majority relies upon to fix the circuit court's erroneous instructions in the instant case.
¶67 Moreover, following Austin, I conclude that the defendant is entitled to a new trial in the interest of justice regardless *832 of whether he was prejudiced as a result of trial counsel's failure to object to the circuit court's erroneous jury instructions. A Machner hearing is not necessary.
¶68 Accordingly, I dissent.
I
¶69 The majority correctly states that jury instructions must be viewed as a whole,[2] but the majority misapprehends what the "whole" is.
¶70 The circuit court instructed the jury to consider each of three charges seriatim. That is, the circuit court required the jury to first follow the instructions applicable to the charge of first-degree reckless homicide and determine whether the defendant was guilty of that charge. If the jury found the defendant not guilty of first-degree reckless homicide, the circuit court instructed the jury to follow the instructions applicable to the charge of second-degree reckless homicide and determine whether the defendant was guilty of that charge. Third, and finally, if the jury *455 found defendant not guilty of second-degree reckless homicide, the circuit court instructed the jury to follow the instructions applicable to the charge of homicide by negligent handling of a dangerous weapon.
¶71 Thus, in the context of the instant case, viewing the jury instructions as a whole means viewing all of the instructions applicable to a particular charge together to determine if the instructions for that charge correctly state the law.[3]
¶72 The circuit court "could have given one complete, proper instruction on self-defense and told the jury that it applied to all three crimes, but it did not do so. Instead, the court gave an instruction on self-defense for first- and second-degree reckless homicide and gave a distinctly different instruction for self-defense applicable to homicide by negligent handling of a dangerous weapon."[4]
¶73 The court of appeals decision in State v. Austin directly supports the defendant's position that the self-defense instruction applicable to the charge of homicide by negligent handling of a dangerous weapon was erroneous.
¶74 In Austin, the court of appeals dealt with a claim of erroneous jury instructions that was very similar to the defendant's claim in the instant case. Austin was charged with first-degree recklessly endangering safety with a dangerous weapon. At trial, but before the case was submitted to the jury, the State asked the circuit court to instruct the jury on the lesser-included charge of second-degree recklessly endangering *456 safety with a dangerous weapon. The circuit court granted that request and instructed the jury on charges of first- and second-degree recklessly endangering safety with a dangerous weapon.[5]
¶75 Austin had presented sufficient evidence on the defenses of self-defense and defense-of-others. When instructing the jury on the first-degree charge, the circuit court provided instructions on the substantive law of self-defense, the substantive law of defense-of-others, and the substantive law of the first-degree charge. Although the circuit court instructed the jury that "[t]he state must provide [sic] by evidence which satisfies you beyond a reasonable *833 doubt that the defendant did not act lawfully in defense of others[,]" the circuit court never instructed the jury on the burden of proof applicable to self-defense.[6]
¶76 When instructing the jury on the second-degree charge, the circuit court noted that self-defense was an issue but did not repeat the self-defense instruction. The defense-of-others instruction was also not repeated when the circuit court instructed the jury on the second-degree charge.[7] Instead, the only mention of defense-of-others was that the jury "should consider the evidence relating to self-defense, as well as defense of others, in deciding whether the defendant's conduct created an unreasonable risk to another. If the defendant was acting lawfully in self-defense or in defense of others, his conduct did not create an unreasonable risk to another."[8]
*457 ¶77 Importantly, the circuit court did not mention the State's burden of proof as to either defense when it instructed the jury on the second-degree charge.
¶78 Austin was acquitted of the first-degree charge, but convicted of the second-degree charge.
¶79 Austin argued that he was entitled to a new trial based upon errors in the circuit court's jury instructions:
Austin claims the instructions were erroneous because the self-defense instructions failed to tell the jury that the State had to disprove self-defense beyond a reasonable doubt. Further, he contends that this error was compounded by the juxtaposition of the first defense-of-others instruction, which did instruct the jury that the State had to disprove the defense. That is, Austin suggests that the omission of the burden of proof for self-defense, contrasted with the inclusion of the burden of proof for defense-of-others, may have suggested to the jury that the State did not have the burden of proof on the self-defense claim. Austin also claims that it was error for the circuit court to omit the instruction on defense of others from the second-degree instructions.
Austin, 349 Wis. 2d 744, ¶11, 836 N.W.2d 833.
¶80 As to the second-degree charge of which Austin was convicted, the court of appeals held that the jury instructions for both self-defense and defense-of-others were erroneous.
¶81 Regarding the self-defense instruction, the court of appeals concluded that the instruction of the substantive law of self-defense, standing alone, without an instruction on the burden of proof, "implies that the defendant must satisfy the jury that he was acting *458 in self-defense. In doing so, the instruction removes the burden of proof from the State to show that the defendant was engaged in criminally reckless conduct."[9]
¶82 Regarding the defense-of-others instruction, the court of appeals concluded as follows:
With regard to the lack of defense-of-other instructions in the second-degree instructions, the State claims that the circuit court's instruction, though not identical to the defense-of-others instruction given for the first degree charges, was nevertheless proper. However, the circuit court merely told the jury to "consider the evidence relating to ... defense of others, in deciding whether defendant's conduct created an *834 unreasonable risk. ... If the defendant was acting lawfully ... in defense of others, his conduct did not create an unreasonable risk to another." We do not agree that this was adequate: the instruction on the State's burden of proof is wholly omitted. Thus, the instructions are erroneous.
Austin, 349 Wis. 2d 744, ¶19, 836 N.W.2d 833.
¶83 The majority asserts that Austin is distinguishable from the instant case because in Austin, there was no burden of proof instruction on self-defense at all.[10] The majority's reasoning pays too little attention to how the court of appeals dealt with the defense-of-others instruction at issue in Austin and how the logic of that reasoning applies in the instant case.
¶84 In Austin, with regard to the first-degree charge, the circuit court properly instructed the jury on both the substantive law applicable to the defense-of-others *459 defense and the applicable burden of proof (i.e., the State bears the burden of proving beyond a reasonable doubt that Austin was not acting lawfully in the defense of others). However, when instructing the jury on the second-degree charge, the circuit court did not repeat the instruction. The court of appeals held that the defense-of-others instruction for the second-degree charge was inadequate because "the instruction on the State's burden of proof [was] wholly omitted."[11] The court of appeals reached this conclusion despite the fact that the State's burden of proof related to defense-of-others was properly explained by the circuit court in its instructions on the first-degree charge.
¶85 The similarities between Austin and the instant case are striking.
¶86 In Austin, the jury was instructed to consider the second-degree charge only if it found Austin not guilty of the first-degree charge, and both charges had their own sets of applicable instructions. In the instant case, the jury was instructed to consider the charge of homicide by negligent handling of a dangerous weapon only if it found the defendant not guilty of both first- and second-degree reckless homicide, and all three charges had their own sets of applicable instructions.
¶87 In Austin, while instructing the jury on the first-degree charge, the circuit court properly explained the State's burden of proof related to the defense-of-others defense, but it did not repeat the burden of proof applicable to that defense when instructing the jury on second-degree charge. In the instant case, while instructing the jury on the charges *460 of first- and second-degree reckless homicide, the circuit court properly explained the State's burden of proof related to self-defense, but it did not repeat the burden of proof applicable to that defense when instructing the jury on the charge of homicide by negligent handling of a dangerous weapon.
¶88 As was the case in Austin, the error in not repeating the burden of proof instruction when instructing the jury on the charge of homicide by negligent handling of a dangerous weapon was compounded by the fact that the correct instruction was given when the circuit court instructed the jury on the first-and second-degree reckless homicide charges. It is the juxtaposition between those instructions coupled with the fact that the jury was to consider each charge individually, moving to a lesser-included charge only if it found the defendant not guilty of the more serious *835 charge, that creates confusion and results in erroneous instructions.
II
¶89 The majority asserts that because the circuit court stated "As I previously indicated" while repeating parts of the self-defense instruction applicable to the charge of homicide by negligent handling of a dangerous weapon, the circuit court "incorporated by reference its initial instruction on self-defense," thereby "remind[ing]" the jury "that the initial instruction, recited in the context of reckless homicide, applied equally to the context of negligent homicide."[12]
¶90 How could the majority have reached this conclusion? Simply reading the circuit court's statements in context reveals the absurdity of the majority's *461 reasoning. Ask yourself: To what specifically is the circuit court referring when it says, "As I previously indicated"?
¶91 The circuit court stated "As I previously indicated" on two occasions when instructing the jury on self-defense applicable to the charge of homicide by negligent handling of a dangerous weapon.
¶92 The circuit court first stated, "As I previously indicated, the law of self defense allows the Defendant to threaten or intentionally use force against another only if the Defendant believed that there was an actual or [imminent] unlawful interference with the Defendant's person and the Defendant believed that the amount of force the Defendant used or threatened to use was necessary to prevent or terminate the interference and the Defendant's beliefs were reasonable."[13] The underlined portion of the circuit court's statement is what was "previously indicated." Nowhere does the circuit court mention the burden of proof. The circuit court said nothing to indicate "that the initial instruction, recited in the context of reckless homicide, applied equally to the context of negligent homicide."[14]
¶93 The circuit court again stated, "And as I previously indicated, a belief may be reasonable even though mistaken. In determining whether the Defendant's beliefs were reasonable, the standard is what a person of ordinary intelligence and prudence would have believed in the Defendant's position under the circumstances that existed at the time of the alleged offense."[15] Again, the underlined portion of the circuit court's statement is what was "previously indicated."
*462 Again, nowhere does the circuit court mention the burden of proof or inform the jury that the previous self-defense instructions that applied to the charges of first- and second-degree reckless homicide "applied equally to the context of negligent homicide."[16]
¶94 I agree with Presiding Judge Reilly that "[t]he majority's suggestion that the court's use of the phrase '[a]s I previously indicated' incorporated the court's instruction on the law of self-defense applicable to first- and second-degree reckless homicide is an erroneous invitation that juries may search out laws applicable to other crimes so as to convict on a crime under deliberation." State v. Langlois, 2017 WI App 44, ¶56, 377 Wis. 2d 302, 901 N.W.2d 768 (Reilly, P.J., dissenting).
III
¶95 The majority's erroneous conclusion hangs by one final thread. The majority *836 asserts that the general instruction on the State's burden to establish guilt beyond a reasonable doubt corrected any possible confusion regarding the burden of proof applicable to self-defense on the charge of homicide by negligent handling of a dangerous weapon.[17] The majority states:
Because self-defense is a negative defense, the State disproves self-defense beyond a reasonable doubt if it proves the elements of the crime beyond a reasonable doubt, specifically criminal negligence. Therefore, the jury was aware that the State had to prove criminal negligence-the element that self-defense would negate-beyond a reasonable doubt
Majority op., ¶45.
*463 ¶96 The majority's reasoning is flawed for at least two reasons.
¶97 First, if the majority's "negative defense" theory is correct, then it appears to follow necessarily that the circuit court did not need to instruct the jury on the burden of proof applicable to self-defense at all because the applicable burden of proof would be discernable from the circuit court's general burden-of-proof instruction and the instructions regarding the elements of the charged crimes, specifically the elements of recklessness or criminal negligence.
¶98 But the fact remains that the circuit court did instruct the jury on the burden of proof for self-defense for the first- and second-degree reckless homicide charges, but not for the homicide by negligent handling of a dangerous weapon charge. Because each charge was to be considered independently from the other charges and each charge bore its own separate set of instructions, the juxtaposition of those different self-defense instructions creates confusion.
¶99 To avoid confusion (and assuming the majority's "negative defense" theory is correct), the circuit court should either have not instructed on the burden of proof for self-defense applicable to any of the three charges, or it should have provided one complete and accurate instruction for self-defense while telling the jury that the instruction applied to all three charges. By inconsistently repeating certain elements of the self-defense instruction but not others, the circuit court created confusing and erroneous jury instructions.
¶100 Second, the argument advanced by the majority was made and rejected by the court of appeals in Austin. The circuit court in Austin also gave the *464 general burden of proof instruction,[18] and the State argued that because self-defense negated the "recklessness" element of the charges at issue, the fact that the circuit court wholly omitted an instruction on the burden of proof applicable to self-defense was not erroneous.[19]
¶101 The Austin court of appeals, unpersuaded by the State's argument, held that "when a defendant successfully makes self-defense an issue, the jury must be instructed as to the State's burden of proof regarding the nature of the crime, even if the defense is a negative defense." Austin, 349 Wis. 2d 744, ¶16, 836 N.W.2d 833 (citing State v. Schulz, 102 Wis. 2d 423, 429-30, 307 N.W.2d 151 (1981), and *837 State v. Pettit, 171 Wis. 2d 627, 640, 492 N.W.2d 633 (Ct. App. 1992) ); see also Austin, 349 Wis. 2d 744, ¶17, 836 N.W.2d 833 (explaining that, by itself, Wis JI-Criminal 801 "implies that the defendant must satisfy the jury that he was acting in self-defense").
¶102 The majority does not overrule Austin or even acknowledge that its reasoning conflicts with Austin. Can the majority square its reasoning in paragraph 45 with the court of appeals decision in Austin? I do not think that it can, and Austin provides the more persuasive resolution of the issue.
IV
¶103 Finally, following Austin, I conclude that the defendant is entitled to a new trial in the interest *465 of justice regardless of whether he was prejudiced as a result of trial counsel's failure to object to the circuit court's erroneous jury instructions.[20] In my view, a Machner hearing is not necessary.
¶104 Similar to the instant case, the jury instruction issue in Austin was addressed in the context of Austin's ineffective assistance of counsel claim. However, instead of remanding the case to the circuit court for a Machner hearing or determining whether Austin had shown prejudice, the court of appeals instead ordered a new trial in the interest of justice.
¶105 In reaching its conclusion that a new trial in the interest of justice was appropriate, the court of appeals discussed the differing bases upon which the jury might have relied in reaching its conclusion to acquit Austin of the first-degree charge, but convict him of the second-degree charge. The court of appeals stated that it "[did] not know what difference, if any, a proper instruction on self-defense would have made[,]" and "[g]iven these uncertainties regarding the verdict, [the court of appeals was] not confident that counsel's lack of objection [to the erroneous jury instructions] did not result in prejudice."[21]
¶106 Under these circumstances, the court of appeals found it unnecessary to remand the case for a Machner hearing. The court explained its reasoning as follows:
It is undisputed that Austin stabbed both victims. The only real issue was whether Austin was properly acting in his or his cousin's defense. By not properly instructing the jury, the circuit court failed to provide *466 it with the proper framework for analyzing that question. Thus, regardless of whether trial counsel's performance was prejudicial, we conclude this is one of those very limited instances in which we must reverse and remand for a new trial in the interests of justice.
Austin, 349 Wis. 2d 744, ¶23, 836 N.W.2d 833.
¶107 The logic and reasoning of the court of appeals in Austin applies with equal persuasive force in the instant case.
¶108 As in Austin, it is not clear in the instant case how the jury reached its conclusion that the defendant should be acquitted of the first- and second-degree reckless homicide charges, but convicted of the charge of homicide by negligent handling of a dangerous weapon. Indeed, it seems nigh impossible to know whether or *838 not the jury would have reached a different result if it had been instructed properly. Moreover, as in Austin, it is undisputed that the defendant stabbed his brother. The only real issue is whether the defendant was acting properly in self-defense or whether the stabbing was an accident.
¶109 By not properly instructing the jury, the circuit court failed to provide the jury with the proper framework for deciding the only disputed issues in the instant case. Thus, I conclude that regardless of whether trial counsel's performance was prejudicial to the defendant, the instant case presents "one of those very limited instances" in which a new trial in the interest of justice is appropriate.
V
¶110 It is unwise to conclude "that a jury may utilize instructions for crimes not under consideration to fix erroneous instructions for the crime under consideration."
*467 [22] This reasoning was correctly rejected by the court of appeals in Austin, and Austin should be followed in the instant case. Consistent with the court of appeals decision in Austin, I would grant the defendant a new trial in the interest of justice because the nature of the circuit court's error is such that the error's prejudicial effect is effectively unknowable.
¶111 For the foregoing reasons, I dissent.

Neder gave the following examples of errors resulting in automatic prejudice: complete denial of counsel; a biased circuit court; racial discrimination in the selection of a grand jury; denial of self-representation at trial; denial of public trial; or a defective reasonable doubt instruction. Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

The accident instruction also was erroneous, but I need not address that error based on my conclusion that the erroneous burden of proof instruction warrants automatic reversal.

Part of the "whole" would also include any generally applicable instructions that the circuit court told the jury apply to all three charges.

Langlois, 377 Wis. 2d 302, ¶56, 901 N.W.2d 768 (Reilly, P.J., dissenting).

State v. Austin, 2013 WI App 96, ¶2-3, 349 Wis. 2d 744, 836 N.W.2d 833.

Id., ¶¶7-8.

Id., ¶¶9-10.

Id., ¶10.

Id., ¶17.

Majority op., ¶47 n.24.

Austin, 349 Wis. 2d 744, ¶19, 836 N.W.2d 833.

Majority op., ¶44.

Majority op., ¶26 (emphasis added).

Majority op., ¶44.

Majority op., ¶26 (emphasis added).

Majority op., ¶44.

Majority op., ¶45.

Brief and Appendix of Defendant-Appellant at 14, State v. Austin, 2013 WI App 96, 349 Wis. 2d 744, 836 N.W.2d 833 (No. 2012AP11-CR), 2012 WL 2420866, at *14 (Wis. Ct. App. June 6, 2012).

See Brief of Plaintiff-Respondent at 8-9, State v. Austin, 2013 WI App 96, 349 Wis. 2d 744, 836 N.W.2d 833 (No. 2012AP11-CR), 2012 WL 4121196, *8-9 (Wis. Ct. App. Sept. 6, 2012).

Wisconsin Stat. § 751.06 permits the court to order a new trial "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried ...."

Austin, 349 Wis. 2d 744, ¶22, 836 N.W.2d 833.

Langlois, 377 Wis. 2d 302, ¶52, 901 N.W.2d 768 (Reilly, P.J., dissenting).