REBECCA GRASSL BRADLEY, J. (dissenting).
¶112 The State charged Jacob Langlois with first-degree reckless homicide while using a dangerous weapon, but at trial, the State asked the circuit court to also instruct the jury on two lesser-included offenses: (1) second-degree reckless homicide while using a dangerous weapon; and (2) homicide by negligent handling of a dangerous weapon. Langlois claimed he killed his brother by accident or in self-defense. The circuit court chose to give separate self-defense instructions for first-degree reckless homicide and negligent homicide. The self-defense instruction given for first-degree reckless homicide accurately stated the law, advising the jury that the State had the burden "to prove beyond a reasonable doubt that the defendant did not act lawfully in self defense."
¶113 The self-defense instruction given for negligent homicide, however, completely omitted the State's burden. The instructions on negligent homicide left out the following paragraph:
You should consider the evidence relating to self-defense in deciding whether the defendant's conduct created an unreasonable risk to another. If the defendant was acting lawfully in self-defense, his conduct *468 did not create an unreasonable risk to another. The burden is on the state to prove beyond a reasonable doubt that the defendant did not act lawfully in self defense. And, you must be satisfied beyond a reasonable doubt from all the evidence in the case that the risk was unreasonable.
(Emphasis added.) The omission of this part of the instructions for negligent homicide means the court failed to inform the jury that the State bore the burden of proving that Langlois was not acting in self-defense. The majority holds that because this language appeared earlier in the instructions regarding first-degree reckless homicide, the jury must have gone back to those earlier instructions, plucked the missing language out, and applied the proper burden when it convicted Langlois of negligent homicide. I disagree. Experienced lawyers may be capable of sifting *839 and winnowing through erroneous instructions in order to assemble the correct ones when considering the third level of charges, but lay jurors certainly are not.
I
¶114 Here, the instructions were divided into three parts-one part for each of the crimes for which Langlois could be convicted. As Court of Appeals Judge Paul Reilly noted in his dissenting opinion, the circuit court could have chosen to give a single self-defense instruction and advised the jurors it must be considered when evaluating each of the three crimes. See State v. Langlois, 2017 WI App 44, ¶56, 377 Wis. 2d 302, 901 N.W.2d 768 (Reilly, P.J. dissenting) ("The court could have given one complete, proper instruction on self-defense and told the jury that it applied to all three crimes, but it did not do so."). This court is left to evaluate what the circuit court did do.
*469 ¶115 Part I of the jury instructions, which addressed first-degree reckless homicide, correctly stated the law and the burden of proof on self-defense. The last two paragraphs within the first-degree reckless homicide instructions directed the jurors as follows:
If you are not satisfied beyond a reasonable doubt that the defendant caused the death of Jacob Langlois by criminally reckless conduct and that the circumstances of the conduct showed utter disregard for human life, you must not find the defendant guilty of First Degree Reckless Homicide and you should then consider whether the defendant is guilty of Second Degree Reckless Homicide in violation of § 940.06 of the Criminal Code of Wisconsin, which is a lesser included offense of First Degree Reckless Homicide.
You should make every reasonable effort to agree unanimously on the charge of First Degree Reckless Homicide before considering the offense of Second Degree Reckless Homicide. However, if after full and complete consideration of the evidence, you conclude that further deliberation would not result in unanimous agreement on the charge of First Degree Reckless Homicide, you should consider *840 whether the defendant is guilty of Second Degree Reckless Homicide.
¶116 In other words, the jurors were instructed that if they could not unanimously agree that Langlois committed first-degree reckless homicide, they were to set that offense and its instructions aside and move on to the lesser-included offense of second-degree reckless homicide.
¶117 Part II of the instructions addressed second-degree reckless homicide with substantively the same two paragraphs at the end of this part as well:
If you are not satisfied beyond a reasonable doubt that the defendant caused the death of Jacob Langlois *470 by criminally reckless conduct, you must not find the defendant guilty of Second Degree Reckless Homicide and you should then consider whether the defendant is guilty of Homicide by Negligent Handling of a Dangerous Weapon in violation of § 940.08 of the Criminal Code of Wisconsin, which is a lesser included offense of both First and Second Degree Reckless Homicide.
You should make every reasonable effort to agree unanimously on the charge of Second Degree Reckless Homicide before considering the offense of Homicide by Negligent Handling of a Dangerous Weapon. However, if after full and complete consideration of the evidence, you conclude that further deliberation would not result in unanimous agreement on the charge of Second Degree Reckless Homicide, you should consider whether the defendant is guilty of Homicide by Negligent Handling of a Dangerous Weapon.
¶118 Thus, the jurors were directed to move on to the next lesser-included offense if they could not unanimously agree that Langlois was guilty of second-degree reckless homicide. As Judge Reilly points out in his dissent: "The jury found Langlois not guilty of both first- and second-degree reckless homicide, and therefore the instructions (the law) on those two charges were no longer before the jury." Langlois, 377 Wis. 2d 302, ¶53, 901 N.W.2d 768 (Reilly, P.J., dissenting).
¶119 This left the jury to consider the instructions (the law) contained under the umbrella of the negligent homicide instruction, which was missing the paragraph setting out the burden of proof regarding self-defense. Therein lies the problem.
II
¶120 It is important to note that Langlois' trial lawyer failed to object to this blatant error in the jury instructions, which places this case under an ineffective *471 assistance of counsel framework of review. See State v. Carprue, 2004 WI 111, ¶¶36-47, 274 Wis. 2d 656, 683 N.W.2d 31 ("The absence of any objection warrants that we follow 'the normal procedure in criminal cases,' " which is to address the alleged error "within the rubric of the ineffective assistance of counsel." (quoted and cited sources omitted) ); see also Kimmelman v. Morrison, 477 U.S. 365, 374-75, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (holding that in absence of objection, error should be analyzed under ineffective-assistance-of-counsel standards, even when error is of constitutional dimension (citing Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. 2052 (1984) ).
¶121 Generally, when a defendant's trial lawyer fails to object to an erroneous jury instruction, this court applies the harmless error test. See State v. Gordon, 2003 WI 69, ¶5, 262 Wis. 2d 380, 663 N.W.2d 765 (holding that the omission of element of crime from jury instruction subject to harmless error test (citing Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) ) ); see also State v. Harvey, 2002 WI 93, ¶¶47-49, 254 Wis. 2d 442, 647 N.W.2d 189.
¶122 Neder explained that while a "limited class" of errors is deemed "structural," requiring "automatic reversal,"[1] most errors, including constitutional ones, are reviewed for harmlessness. Neder, 527 U.S. at 8, 119 S.Ct. 1827. Most jury instruction errors are "trial errors," which will not be presumed prejudicial. See Scarpa v. Dubois, 38 F.3d 1, 14 (1st Cir. 1994). For example, the First Circuit Court of Appeals in Scarpa *472 lists instances of jury instruction errors falling into the "trial error" category, including: "overbroad jury instructions used during the sentencing stage of a capital case [and] jury instructions containing an erroneous (but rebuttable) presumption ...." Id. at 14 (first citing Clemons v. Mississippi, 494 U.S. 738, 752, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990) ; then citing Carella v. California, 491 U.S. 263, 266-67, 109 S.Ct. 2419, 105 L.Ed.2d 218 (1989) ).
¶123 Jury instruction errors falling into the "structural error" category and requiring automatic reversal are rare. I located only one-failure to give a constitutionally *841 sufficient "reasonable doubt" instruction. See Sullivan v. Louisiana, 508 U.S. 275, 281-82, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). Sullivan held that when there is a reasonable likelihood a jury does not believe it needs proof beyond a reasonable doubt to find the defendant guilty, the erroneous instruction is a "structural error" that may not be cured through a harmless error analysis. Id.
¶124 The jury instruction error here falls into the same category as the error in Sullivan -the jury was not told with respect to negligent homicide that the State must prove beyond a reasonable doubt that the defendant did not act lawfully in self-defense.
¶125 This case, therefore, presents a jury instruction error distinguishable from those in Neder, Gordon, and Harvey, and one that requires automatic reversal. This error "infect[ed] the entire trial process" and "necessarily render[ed the] trial fundamentally unfair." Harvey, 254 Wis. 2d 442, ¶37, 647 N.W.2d 189 (quoting Neder, 527 U.S. at 8, 119 S.Ct. 1827 ). Stated otherwise, this error deprived Langlois of his " 'basic protections' without which 'a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence ....' "
*473 Id. When the jury instruction error is structural, its harmfulness "can be conclusively presumed." Scarpa, 38 F.3d at 14.
¶126 It is a fundamental tenet of our criminal justice system that a defendant is innocent until proven guilty. The State and the State alone bears the burden of proving a defendant guilty beyond a reasonable doubt. As Justice Antonin Scalia explained in Sullivan, writing for a unanimous court:
What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged, see, e.g., Patterson v. New York, 432 U.S. 197, 210 [97 S.Ct. 2319, 53 L.Ed.2d 281] (1977) ; Leland v. Oregon, 343 U.S. 790, 795 [72 S.Ct. 1002, 96 L.Ed. 1302] (1952), and must persuade the factfinder "beyond a reasonable doubt" of the facts necessary to establish each of those elements, see, e.g., In re Winship, 397 U.S. 358, 364 [90 S.Ct. 1068, 25 L.Ed.2d 368] (1970) ; Cool v. United States, 409 U.S. 100, 104 [93 S.Ct. 354, 34 L.Ed.2d 335] (1972) (per curiam ). This beyond-a-reasonable-doubt requirement, which was adhered to by virtually all common-law jurisdictions, applies in state as well as federal proceedings. Winship, supra.
508 U.S. at 277-78, 113 S.Ct. 2078.
¶127 The United States Supreme Court concluded in Sullivan that an erroneous beyond-a-reasonable-doubt instruction constitutes a structural error requiring automatic reversal because "a misdescription of the burden of proof ... vitiates all the jury's findings." Id. at 281, 113 S.Ct. 2078. The Court explained that this type of instructional error cannot be evaluated under the harmless error test because, unlike a trial error, which can "be quantitatively assessed in the context of other evidence presented," the "precise effects" of the "[d]enial of the right to a jury verdict of guilt beyond a reasonable doubt" are "unmeasurable."
*474 Id."The deprivation of that right, with consequences that are necessarily unquantifiable and indeterminate" renders the jury instruction error a structural one. Id. at 281-82, 113 S.Ct. 2078.
¶128 The instructional error involved in Langlois' case is similar, if not more grievous, than in Sullivan. The circuit court instructed the jury that the State had the requisite burden with respect to first-degree reckless homicide, but the jury was not told that the State had that burden with respect to negligent homicide. The jury found Langlois not guilty on first- and *842 second-degree reckless homicide, but convicted him of negligent homicide. It is a juror's job to follow the law as instructed by the circuit court. The circuit court here, however, failed to properly instruct this jury. It told the jurors that the State had the burden of proving beyond a reasonable doubt that Langlois did not act in self-defense with respect to first-degree reckless homicide, but it did not give the basic, but critically important instruction on the burden of proof with respect to negligent homicide. Perhaps those trained in the law could parse out these jury instructions, jump back through five pages of law, and import the missing part into the negligent homicide analysis, but the average juror could not and would not. I agree with Judge Reilly that it is "disingenuous and illogical that the majority believes that a jury may utilize instructions for crimes not under consideration to fix erroneous instructions for the crime under consideration." Langlois, 377 Wis. 2d 302, ¶52, 901 N.W.2d 768 (Reilly, P.J., dissenting).
¶129 The jurors are told to follow the instructions, and we presume they do so. See State v. Truax, 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989). The instructions to the jurors in this case told them to *475 move on to the next lesser-included offense if they could not agree as to guilt on the charged crime under consideration. When the jury moved on to negligent homicide, it found a constitutionally deficient self-defense instruction. Because the instruction wholly omitted the beyond-a-reasonable-doubt standard, the jury could not properly assess whether the State proved beyond a reasonable doubt that Langlois did not act in self-defense. Or, worse yet, the jury could have believed the State did not have any burden at all for disproving self-defense with respect to the negligent homicide charge.
¶130 Although jury instructions rarely rise to the level of structural error, automatic reversal is warranted when the error was wholesale omission of the State's burden of proof as to self-defense for the lesser-included charge on which the jury convicted Langlois. See State v. Austin, 2013 WI App 96, ¶¶12, 23, 349 Wis. 2d 744, 836 N.W.2d 833 (ordering a new trial despite defense lawyer's failure to object to erroneous jury instruction because "[b]y not properly instructing the jury" that "the burden is on the State to disprove the [defendant's claim of self-]defense beyond a reasonable doubt" "the circuit court failed to provide it with the proper framework for analyzing that question").
¶131 Because the trial court's faulty instructions to the jury constitute structural error requiring automatic reversal, I would reverse the court of appeals and remand for a new trial. I respectfully dissent.[2]

State v. Langlois, 2017 WI App 44, ¶52, 377 Wis. 2d 302, 901 N.W.2d 768 (Reilly, P.J., dissenting).

Majority op., ¶34.