COURT OF APPEALS
DECISION
DATED AND FILED

December 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP166-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF200

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

STEVEN G. BRENEMAN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Portage County: THOMAS B. EAGON, Judge. *Affirmed*.

Before Fitzpatrick, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Steven Breneman appeals a judgment of conviction for first-degree intentional homicide. Breneman contends that the circuit court

erred by failing to give a jury instruction on self-defense, and that the omission of the jury instruction violated Breneman's due process rights and his right to present a defense.[1] For the reasons set forth below, we reject Breneman's arguments and affirm.

¶2 Breneman was charged with first-degree intentional homicide for the shooting death of Donald Brewer, who had been romantically involved with Breneman's wife. The complaint alleged that Breneman drove to Brewer's house and confronted Brewer about the affair between Brewer and Breneman's wife. After a short argument outside Brewer's house, Breneman removed a handgun from his waistband and shot Brewer twice, once in the chest and once in the head, killing him. At trial, the State presented evidence consistent with those allegations.

¶3 Breneman testified to the following at trial. After Breneman and Brewer argued outside Brewer's house, Brewer stated to Breneman, "You come down here, you've just signed your death warrant," and "You better kill me. I'm going to kill you." Brewer then lurched toward Breneman with his fists balled. Breneman reacted by taking his handgun from his waistband and shooting Brewer. After the first shot, Breneman observed Brewer reaching across his body. Breneman knew that Brewer owned a gun. Breneman feared for his safety, and shot Brewer a second time. Breneman explained that he shot Brewer to "neutralize" or "stop" him.

---

[1] Breneman also argued in his brief-in-chief that the circuit court erred by failing to answer a jury question. However, Breneman then withdrew that argument in his reply brief. We do not address that argument further.

¶4      After the close of evidence, Breneman requested a jury instruction on self-defense.  Specifically, Breneman requested WIS JI—CRIMINAL 805, which states that a defendant is allowed to use force that is intended or likely to cause death or great bodily harm if the defendant reasonably believed that force was necessary to prevent death or great bodily harm to himself, even if that belief was mistaken.  The State argued that the evidence at trial was insufficient to support Breneman's request for any self-defense instruction.

¶5      The circuit court determined that the evidence was sufficient to support a self-defense instruction and indicated that it would give WIS JI—CRIMINAL 805.  The State then requested an instruction for the lesser-included offense of second-degree intentional homicide, WIS JI—CRIMINAL 1014.  The lesser-included offense instruction directs the jury that a defendant is not guilty of either first- or second-degree intentional homicide if the defendant reasonably believed that the force used was necessary to prevent death or great bodily harm to himself, but guilty of second-degree intentional homicide if the defendant actually believed the force used was necessary to prevent imminent death or great bodily harm to himself, but the belief was unreasonable.  WIS JI—CRIMINAL 1014.  The circuit court granted the State's request for the lesser-included offense instruction. The final jury instructions given to the jury included WIS JI—CRIMINAL 1014, but did not include WIS JI—CRIMINAL 805.

¶6      Breneman was convicted of first-degree intentional homicide and sentenced to life in prison with eligibility for release to extended supervision after twenty-five years.  He appeals.

¶7      Breneman argues that he was entitled to the instruction under WIS JI—CRIMINAL 805 that "[a] belief may be reasonable even though mistaken."  He

argues that, once self-defense was successfully put at issue, it was the State's burden to disprove it beyond a reasonable doubt. *See State v. Austin*, 2013 WI App 96, ¶12, 349 Wis. 2d 744, 836 N.W.2d 833. Breneman argues that the absence of the instruction that a belief may be reasonable though mistaken lowered the State's burden to disprove that Breneman reasonably believed that he was in danger of death or great bodily harm. He asserts that his due process rights and his right to present a defense were violated by the lowering of the State's burden of proof. *See State v. Trammell*, 2019 WI 59, ¶¶39-42, 387 Wis. 2d 156, 928 N.W.2d 564 (a jury instruction violates a criminal defendant's right to due process if it allows a jury to find guilt based on a level of proof below that which is required); *Tyson v. Trigg*, 50 F.3d 436, 448 (7th Cir. 1995) (right to present a defense "would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense"). He also contends that the error in omitting the instruction that a belief may be reasonable though mistaken was not harmless, asserting that the chances of a different verdict had that instruction been given are "better than negligible." *See United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 246 (7th Cir. 2005) ("[P]rejudice has been established so long as the chances of acquittal are better than negligible.").

¶8    The State responds that any error by the court in failing to instruct the jury that a belief may be reasonable though mistaken was harmless.[2] *See Chapman v. California*, 386 U.S. 18, 24 (1967) (to prove constitutional error at trial was harmless, the State has the burden to prove "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained").  It argues that the omission of the instruction that a belief may be reasonable though mistaken could not have contributed to the jury's verdict because the jury did not reach the question of whether Breneman had a *reasonable* belief that he was in danger.  The State contends that the jury would have reached the question of the reasonableness of Breneman's belief that he was in danger only if it was not satisfied that Breneman was guilty of first-degree intentional homicide.  It argues that the jury's finding of guilt on first-degree intentional homicide means that the jury found that Breneman did not actually believe he faced an imminent threat and that he used force necessary to thwart that threat.  Thus, the State asserts, the jury did not weigh reasonableness at all, since it would have considered reasonableness only if it had found Breneman had an actual belief that he faced an imminent threat and had acquitted him of first-degree intentional homicide.  *See State v. Truax*, 151 Wis. 2d 354, 361-62, 444 N.W.2d 432 (Ct. App. 1989) (jury considers lesser-included offense of second-degree intentional homicide only if it acquits on

---

[2] The State also argues that Breneman waived any objection to the jury instructions by failing to object when WIS JI—CRIMINAL 805 was omitted from the final jury instructions provided to the parties and from the instructions read to the jury. *See State v. Trammell*, 2019 WI 59, ¶25, 387 Wis. 2d 156, 928 N.W.2d 564 (court of appeals may not reach argument on appeal regarding an unobjected-to jury instruction).  Trammell replies that he preserved his objection for appeal by requesting WIS JI—CRIMINAL 805 at the instruction conference, and he asserts that the circuit court denied that request when it stated that it had decided to give WIS JI—CRIMINAL 1014 as the self-defense instruction.  For purposes of this opinion, we assume without deciding that Breneman has preserved his objection for appeal.  As explained below, we conclude that any error in failing to give WIS JI—CRIMINAL 805 was harmless.

greater offense of first-degree intentional homicide); ***Perry v. McCaughtry***, 308 F.3d 682, 690 (7th Cir. 2002) (no prejudice based on jury instruction error related to lesser-included offense where jury was instructed not to consider lesser-included offense if it convicted on greater offense, because "[w]e presume that juries follow instructions"). We agree with the State that any error was harmless.

¶9 Consistent with WIS. STAT. §§ 940.01 and 940.05 (2019-20),[3] the court instructed the jury to consider whether Breneman was guilty of first-degree

---

[3] WISCONSIN STAT. § 940.01 provides, in relevant part:

> (1) … [W]hoever causes the death of another human being with intent to kill that person … is guilty of [first-degree intentional homicide].

> (2) … The following are affirmative defenses to [first-degree intentional homicide] which mitigate the offense to [second]-degree intentional homicide under s. 940.05:

> ….

> (b) *Unnecessary defensive force*. Death was caused because the actor believed he or she or another was in imminent danger of death or great bodily harm and that the force used was necessary to defend the endangered person, if either belief was unreasonable.

> (3) BURDEN OF PROOF. When the existence of an affirmative defense under sub. (2) has been placed in issue by the trial evidence, the state must prove beyond a reasonable doubt that the facts constituting the defense did not exist in order to sustain a finding of guilt under sub. (1).

WISCONSIN STAT. § 940.05 provides, in relevant part:

> (1) Whoever causes the death of another human being with intent to kill that person or another is guilty of [second-degree intentional homicide] if:

> (a) In prosecutions under s. 940.01, the state fails to prove beyond a reasonable doubt that the mitigating circumstances specified in s. 940.01(2) did not exist as required by s. 940.01(3)….

(continued)

intentional homicide before considering the lesser-included offense of second-degree intentional homicide. The jury was instructed that, if it was not satisfied that Breneman was guilty of first-degree intentional homicide, it was then to consider whether he was guilty of second-degree intentional homicide. As to first-degree intentional homicide, the jury was instructed that, before it could find Breneman guilty, it must be satisfied that the State had proved that Breneman did not actually believe that the force he used was necessary to prevent imminent death or great bodily harm to himself. As to the lesser-included charge of second-degree intentional homicide, the jury was informed that Breneman was guilty if he believed that the force he used was necessary to prevent imminent death or great bodily harm to himself, but his belief was unreasonable. It was instructed that Breneman was not guilty of either first- or second-degree intentional homicide if he reasonably believed that the force used was necessary to prevent imminent death or great bodily harm to himself. Moreover, the jury was instructed that:

> When first degree intentional homicide is considered, the reasonableness of the defendant's belief is not an issue. You are to be concerned only with what the defendant actually believed. *Whether these beliefs are reasonable is important only if you later consider whether the defendant is guilty of second degree intentional homicide.*

(Emphasis added.)

¶10 Thus, the jury's finding of guilt as to first-degree intentional homicide necessarily means that the jury found that Breneman did not actually believe that he was in danger of death or great bodily harm. Had the jury found

---

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

7

that Breneman had an actual belief that he was in danger of death or great bodily harm, it would have acquitted Breneman of first-degree intentional homicide and moved to consideration of the lesser-included offense of second-degree intentional homicide. Had that occurred, the jury would have had to consider the *reasonableness* of Breneman's *actual* belief that he was in danger. However, the jury's finding of guilt on first-degree intentional homicide precluded it from reaching that issue. Because the claimed jury instruction error that Breneman advances on appeal relates to an issue that the jury did not reach, the claimed error was harmless.[4] We affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] In his reply brief, Breneman asserts that the error in omitting the jury instruction that a belief may be reasonable though mistaken defies harmless error analysis because "it is impossible to determine what impact, if any, the [error] had on the jury's ultimate decision." *See **United States v. Harbin***, 250 F.3d 532, 545 (7th Cir. 2001). Because we conclude that the jury did not reach the question of whether Breneman had a reasonable belief of danger to himself, we reject Breneman's argument that it is impossible to know what impact the omission of the instruction had on the jury's decision.