# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2013-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF903

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

   V.

TOMMY JAY CROSS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Brown County: TAMMY JO HOCK, Judge. *Judgment modified in part and, as modified, affirmed in part and reversed in part; order affirmed in part and reversed in part; cause remanded for further proceedings.*

Before Stark, P.J., Hruz, and Gill, JJ.

¶1   GILL, J.   Tommy Jay Cross appeals from a judgment of conviction convicting him, following a jury trial, of first-degree reckless injury (Count 1) and

second-degree recklessly endangering safety (Count 2), both charges carrying a use of a dangerous weapon enhancer. He also appeals a circuit court order denying his motion for postconviction relief.

¶2 The threshold issue on appeal concerns whether Cross was privileged, under any circumstances, to defend Person C by hitting Person B with his vehicle (Count 1) if Cross provoked Person B's real or apparent unlawful interference with Person C by coming close to, or hitting, Person B with his vehicle almost immediately prior (Count 2). If so, we must also decide whether the jury instructions on Count 1 accurately stated the law and whether any error in the instructions warrants reversal for Cross's conviction on that count.

¶3 We conclude that Cross was privileged, under specific circumstances outlined by statute, to defend Person C if he provoked Person B's real or apparent unlawful interference with Person C. This conclusion is dictated by the text of WIS. STAT. § 939.48 (2023-24),[1] which states that a person is privileged to defend a third person "under the same conditions and by the same means as those under and by which the person is privileged to defend himself or herself from real or apparent unlawful interference" and that a person may, under certain circumstances, defend himself or herself from an attack that he or she provoked. *See* § 939.48(2), (4); ***State v. Giminski***, 2001 WI App 211, ¶12, 247 Wis. 2d 750, 634 N.W.2d 604.

¶4 Under the facts of this case, we agree with Cross that there are two reasonable interpretations of the provocation jury instruction for Count 1 that was

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

provided to the jury. Under the first interpretation, the jury was not instructed on whether Cross could, under any circumstances, defend Person C if Cross provoked Person B's real or apparent unlawful interference with Person C. Under the second interpretation, the jury was instructed that Cross could not, under any circumstances, defend Person C from an attack if Cross provoked Person B's real or apparent unlawful interference with Person C by unlawful conduct. The first interpretation was erroneous because it omitted consideration of the circumstances under which Cross was privileged to defend Person C even if the jury found that Cross had provoked the attack necessitating Cross's intervention. The second interpretation misstated the law by stating that Cross was not privileged, under any circumstances, to defend Person C if the jury found that Cross had provoked the attack of Person C. Both interpretations of this instruction were erroneous under WIS. STAT. § 939.48.

¶5　　Given the particular facts of this case, we conclude that the erroneous jury instruction on provocation warrants reversal of Cross's conviction for Count 1. The evidence adduced at trial clearly demonstrates that Cross satisfied his burden of production warranting a defense of others instruction be provided on this particular count—even if the jury found that he provoked the attack—thereby placing the burden on the State to prove that Cross did not act within the confines of WIS. STAT. § 939.48. *See State v. Austin*, 2013 WI App 96, ¶¶12, 16, 349 Wis. 2d 744, 836 N.W.2d 833. The jury could have reasonably determined material factual issues in Cross's favor had it been properly instructed.

¶6　　Accordingly, we reverse Cross's conviction for Count 1 and that portion of the postconviction order denying relief with respect to that count. We remand for further proceedings on Count 1 (including a new trial, if necessary) consistent with this opinion.

¶7     Cross also raises an ineffective assistance of counsel claim as to his conviction for Count 2. We conclude that Cross was not prejudiced by any potential deficient performance by his defense counsel with respect to this count. However, we modify Cross's judgment of conviction on this count to correct an apparent clerical error.[2] We affirm the judgment of conviction for second-degree recklessly endangering safety as modified and affirm that portion of the postconviction order denying relief on Cross's ineffective assistance of counsel claim.

## BACKGROUND

¶8     The State charged Cross with first-degree reckless injury (Count 1) and first-degree recklessly endangering safety (Count 2), both with use of a dangerous weapon (his vehicle). The case proceeded to a three-day jury trial.

¶9     The precise facts underlying Cross's charges were heavily disputed at trial. Generally, however, it is undisputed that Shenelle McGrew, Cross's girlfriend; Aaron;[3] and Jennifer, Aaron's girlfriend, all worked at American Foods. Following their shifts on May 27, 2021, an initial fight broke out between McGrew, on the one hand, and Aaron and Jennifer, on the other, in the American Foods parking lot, which lasted approximately one minute.

---

[2] Cross's judgment of conviction for Count 2 is incorrect because Cross was convicted of the lesser-included offense of second-degree recklessly endangering safety with use of a dangerous weapon, not first-degree recklessly endangering safety with use of a dangerous weapon as is listed on the judgment. Because this appears to be a clerical error, upon remittitur, the circuit court shall enter an amended judgment of conviction correctly describing Cross's conviction for this count.

[3] Pursuant to the policy underlying WIS. STAT. RULE 809.86, we use pseudonyms to refer to the victim and his girlfriend.

¶10    Cross learned of the fight and drove his vehicle to the parking lot. Upon arriving approximately 15 seconds after the initial fight broke up, Cross drove his vehicle toward Aaron and either came close to hitting Aaron or hit Aaron with the vehicle, which was the basis for Count 2 ("the first strike"). McGrew was approximately 30 to 40 feet away from Aaron and Jennifer at the time of the first strike. Aaron then retrieved a firearm, pointed it at Cross, and Cross backed his vehicle away from Aaron.

¶11    Shortly thereafter, McGrew and Jennifer engaged in a second fight, and Aaron went over to the fight. Cross then drove his vehicle at Aaron a second time. This time, Cross undoubtedly hit Aaron, causing significant injury to Aaron's leg, which was the basis for Count 1 ("the second strike"). Aaron then fired his firearm toward Cross's vehicle, hitting Cross, and Cross drove away.

¶12    The defense presented evidence that Aaron had threatened McGrew prior to the second fight and that, immediately prior to Cross striking Aaron with his vehicle the second time, Aaron hit McGrew in the face with his firearm and pointed the firearm at McGrew's head. Cross testified that he struck Aaron the second time because he "feared for [McGrew's] life," that he wanted to protect both himself and McGrew, and that he did not believe that he had any other option besides striking Aaron with his vehicle. Conversely, the State presented evidence that McGrew initiated the first fight, that Aaron was attempting to break up the second fight when he was struck the second time, and that Aaron did not hit McGrew with his firearm or point the firearm at McGrew prior to the second strike.

¶13    During a jury instruction conference, the parties and the circuit court engaged in an extensive discussion regarding the proper instruction for Count 1.

The court agreed to provide a defense of others instruction on that count, but the State requested that the court also provide the jury with an instruction on provocation, stating that the instruction "should apply both to" McGrew and Cross.[4]  *See* WIS JI—CRIMINAL 830 (2005) (defense of others); WIS JI—CRIMINAL 835 (2005) (effect of provocation by person defended); WIS. STAT. § 939.48(2), (4).  The State argued that the jury could find, based on the evidence presented, that Cross provoked Aaron to attack *Cross* because Cross was "the first one in this incident to bring a deadly weapon"—namely, his vehicle—and that Aaron retrieved his firearm in response to the first strike.  Moreover, the State argued that "this whole chain of events started" as a result of McGrew "confronting" and provoking Jennifer and Aaron.  The State also contended that the evidence demonstrated that Cross provoked Aaron to attack McGrew in response to the first strike.

¶14     Defense counsel argued that there was no evidence suggesting that McGrew provoked the second fight or the alleged attacks by Aaron.  Additionally, defense counsel argued that there was no evidence presented at trial showing that the second strike had anything to do with Aaron pointing the firearm at Cross following the first strike, but rather was a response to Aaron pointing the firearm at McGrew's head.

¶15     The circuit court agreed with the State that there was sufficient evidence demonstrating provocation by both McGrew and Cross.  Importantly, the parties disagreed about whether Cross was privileged to act in defense of McGrew

---

[4] The circuit court declined to provide the jury with a defense of others instruction on Count 2, and Cross does not challenge that decision on appeal.

if Cross provoked Aaron into attacking McGrew by driving toward, and potentially hitting, Aaron the first time. The court stated that it did not believe Cross could defend McGrew from an attack by Aaron if Cross provoked Aaron into allegedly attacking McGrew. The court asked defense counsel to explain why that was an incorrect statement of the law, and it suggested adding to the instruction: "You should also consider whether the defendant provoked the attack. A person who engages in unlawful conduct of a type likely to provoke others to attack and who does provoke an attack is not allowed to use or threaten force in self-defense or defense of others against that attack." Defense counsel objected to the court's suggested instruction, stating, "I guess the purpose for my objection is I believe that [the instruction] could be read to say that an unrelated retaliation could prevent someone from coming to someone else's aid. That's how I read it, and I'll accept the [c]ourt's ruling."

¶16    Shortly thereafter, the circuit court asked the parties if they had thoughts on changing the provocation jury instruction's references to Aaron's alleged attack on McGrew—specifically, hitting McGrew in the face with his firearm or pointing the firearm at McGrew's head—from "the alleged attack" to "an alleged attack." Defense counsel responded, "They are as good as any words we could come up with [if given] another 20 minutes of thought, I think." The court then asked the parties to "[l]ook at the first line under Provocation"—"You should consider whether [McGrew] provoked an alleged attack of her"—and to look at "the first line in the third paragraph"—"However, even if [McGrew] had provoked an alleged attack of her, the defendant would still be allowed to act in defense of [McGrew] if the defendant actually and reasonably believed that [McGrew] was entitled to act in her own defense." Defense counsel then stated, "I think we finally got it."

¶17 Following the close of evidence, the circuit court instructed the jury on provocation for Count 1, stating:

> You should consider whether [McGrew] provoked an alleged attack of her. A person who engages in unlawful conduct of a type likely to provoke others to attack, and who does provoke an attack, is not allowed to use or threaten force in self-defense against that attack.
>
> However, if the attack which follows causes the person reasonably to believe that the person is in imminent danger of death or great bodily harm, the person may lawfully act in self-defense. But the person may not use or threaten force intended or likely to cause death or great bodily harm unless the person reasonably believes every other reasonable means to escape from or otherwise avoid death or great bodily harm has been exhausted.
>
> However, even if [McGrew] had provoked an alleged attack of her, the defendant would still be allowed to act in defense of [McGrew] if the defendant actually and reasonably believed that [McGrew] was entitled to act in her own defense.
>
> You should also consider whether the defendant provoked an alleged attack of him. A person who engages in unlawful conduct of a type likely to provoke others to attack, and who does provoke an attack, is not allowed to use or threaten force in self-defense or defense of others against that attack.
>
>   ….
>
> If you are satisfied beyond a reasonable doubt that all three elements of first[-]degree reckless injury have been proved and that the defendant did not act lawfully in defense of others, you should find the defendant guilty of first[-]degree reckless injury.
>
> If you are not so satisfied, you must find the defendant not guilty of first[-]degree reckless injury ….

¶18 The jury found Cross guilty of Count 1 as charged and, with respect to Count 2, found him guilty of the lesser-included offense of second-degree recklessly endangering safety with use of a dangerous weapon. Cross filed a

motion for postconviction relief. As is pertinent here, Cross argued that the circuit court had incorrectly instructed the jury on Count 1 by stating that Cross was not entitled to act in defense of McGrew if he had provoked Aaron's alleged attacks on McGrew. According to Cross's postconviction motion, his defense to Count 1 "was that he used his car to stop [Aaron] from harming McGrew by shooting or using his gun as a bludgeon against her." Cross conceded that a "jury might find that Cross provoked [Aaron] into getting his gun and striking or threatening McGrew with it in response to provocation by Cross," but he argued that he was still entitled to act in defense of McGrew on Count 1 pursuant to WIS. STAT. § 939.48(4) if the jury believed that Aaron "pointed a gun at [McGrew] and struck her with it" and if "McGrew was privileged to defend herself from further aggression by" Aaron. Cross further argued that defense counsel provided constitutionally ineffective assistance at trial by failing to impeach Aaron with the number of his prior convictions.

¶19 The circuit court held a ***Machner***[5] hearing on Cross's ineffective assistance of counsel claim. Afterward, the court denied Cross's motion for postconviction relief. The court concluded that "[i]f the jury considered provocation, the instructions were specific depending on whose provocation the jury was considering." As to Cross, the court stated that the "jury was instructed that Cross could not claim the defense of others privilege for an attack he provoked of *himself*." According to the court, the "only attack" that fit within this particular instruction was Aaron "first pointing the gun at Cross." The court concluded that this instruction was consistent with WIS. STAT. § 939.48 because if

---

[5] *See **State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

a person provokes an attack of themselves, he or she is not entitled to claim the privilege of self-defense against such an attack.

¶20 As to McGrew, the circuit court stated that the "jury was … instructed to consider whether McGrew provoked [Aaron] into an alleged attack of *herself*." If the jury found that McGrew had engaged in such provocation, explained the court, "the jury was instructed that Cross could still defend McGrew from [Aaron] if Cross actually and reasonably believed self-defense was available to McGrew. The jury received this instruction, but it obviously rejected this theory of the case." Thus, the court concluded, "the instruction did not misstate the law, and the jury was still free to acquit Cross if it believed [Aaron] attacked *McGrew*."

¶21 The circuit court likewise denied Cross's ineffective assistance of counsel claim. The court assumed without deciding that defense counsel performed deficiently by failing to impeach Aaron with the number of his prior convictions. The court stated, however, that defense counsel's potential deficiency did not prejudice Cross because defense counsel "thoroughly cross-examined [Aaron] at trial," including by "taking his testimony in conjunction with playing pertinent portions of" surveillance camera footage from the American Foods parking lot. The court explained that through cross-examination, defense counsel was able to demonstrate for the jury that, in the defense's opinion, Aaron was not being honest. Moreover, the court stated that the "jury was … able to compare [Aaron]'s testimony with that of [Jennifer], McGrew, and Cross," in conjunction with the surveillance camera footage. Thus, the court concluded that it was "impossible to see how the reliability of the entire proceeding could be called into question simply because [Aaron] was not asked how many criminal convictions he had."

10

¶22 Cross now appeals, renewing his challenge to the jury instruction on provocation and to the circuit court's decision denying his ineffective assistance of counsel claim.

## DISCUSSION

### I. Erroneous and misleading jury instruction

¶23 Cross argues that the jury instructions for Count 1 misstated the law under WIS. STAT. § 939.48 by informing the jury that if Cross provoked the attack of McGrew "by the conduct for which he was convicted" in Count 2, "Cross could not use potentially deadly force in defense of McGrew" for the conduct for which he was convicted in Count 1. Cross further asserts that, "[a]t best, the instruction is confusing as to whether Cross could defend McGrew from an attack by [Aaron] provoked by the first hit."

### A. Forfeiture

¶24 We must begin by addressing whether Cross forfeited a challenge to the provocation jury instruction, as the State contends. During criminal trials, a circuit court "shall conduct a conference with counsel" "[a]t the close of the evidence and before arguments to the jury." WIS. STAT. § 805.13(3); *see also* WIS. STAT. § 972.11(1). "Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record." Sec. 805.13(3). "Failure to object at

the conference constitutes a [forfeiture] of any error in the proposed instructions or verdict."[6]  *Id.*

¶25    The purpose of the forfeiture rule in WIS. STAT. § 805.13(3) "is to afford the opposing party and the [circuit] court an opportunity to correct the error and to afford appellate review of the grounds for the objection." *State v. Cockrell*, 2007 WI App 217, ¶36, 306 Wis. 2d 52, 741 N.W.2d 267 (citation omitted). Because this court lacks a discretionary power of review, we have "no power to reach an unobjected-to jury instruction."[7]  *State v. Trammell*, 2019 WI 59, ¶25, 387 Wis. 2d 156, 928 N.W.2d 564; *State v. Schumacher*, 144 Wis. 2d 388, 408-09, 424 N.W.2d 672 (1988).

¶26    During the jury instruction conference, defense counsel objected to the jury instructions, particularly the portion that stated Cross could not act in the defense of others if he provoked an alleged attack on McGrew.  Defense counsel argued that the instruction could cause "even an intelligent juror" to "be misled" into thinking that Cross's actions essentially stripped McGrew of her "right to be defended."  After extensive discussion and argument, defense counsel stated that he would accept the circuit court's ruling to provide the instruction as outlined by the court, but he placed his objection on the record, stating, "I guess the purpose

---

[6] Although the statute refers to "waiver," we agree with the State that the more accurate term would be "forfeiture."  *See State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (explaining the distinct legal concepts embodied by the terms "forfeiture" and "waiver"); *State v. McKellips*, 2016 WI 51, ¶47, 369 Wis. 2d 437, 881 N.W.2d 258 ("Failure to contemporaneously object to jury instructions results in forfeiting review of the jury instructions.").

[7] While "we do not have the common law power to review this type of waived error, we may exercise our discretionary power of reversal under WIS. STAT. § 752.35 when a waived error regarding a jury instruction results in the real controversy not being tried." *State v. Cockrell*, 2007 WI App 217, ¶36 n.12, 306 Wis. 2d 52, 741 N.W.2d 267.

for my objection is I believe that [the instruction] could be read to say that an unrelated retaliation could prevent someone from coming to someone else's aid."

¶27     In context we view defense counsel's statement of acquiescence—namely, "I think we finally got it"—as in reference to the circuit court's suggested editing of the provocation instruction from stating "the alleged attack" to "an alleged attack."  Defense counsel was not stating that he agreed with the jury instructions as a whole, and his objection to the provocation instruction as it related to Cross still stood.

¶28     The State appears to suggest that, under WIS. STAT. § 805.13(3), defense counsel was required object to the provocation jury instruction on the record while the instruction was being read to the jury in order to preserve the issue for appeal.  This reading is contrary to the plain meaning of the statute, which dictates that a party must object to a particular jury instruction "at the conference" to avoid forfeiture of the issue for appellate review.  *See **id.***  Here, defense counsel *did* object to the provocation instruction during the jury instruction conference.  In addition to making a record of his objection, defense counsel's objection also satisfied the purpose of § 805.13(3) by allowing the circuit court and the parties to engage in extensive discussion of the proper instruction, which provided the court "an opportunity to correct the error." *See **Cockrell***, 306 Wis. 2d 52, ¶36 (citation omitted).  Because defense counsel adequately lodged an objection to the jury instruction pursuant to § 805.13(3), we turn to the merits of Cross's challenge to the provocation instruction on Count 1.

### B.  Provocation and defense of others

¶29     "There are two types of challenges to a jury instruction.  One challenges the legal accuracy of the instruction.  The other asserts that a legally

accurate instruction unconstitutionally misleads the jury." ***State v. Gonzalez***, 2011 WI 63, ¶21, 335 Wis. 2d 270, 802 N.W.2d 454. Cross raises both types of challenges on appeal. We review both challenges independently of the circuit court. *See **id.***, ¶¶22-23.

¶30 "In determining whether a jury instruction correctly states the law, '[w]e review the jury instructions as a whole to determine whether the overall meaning communicated by the instructions was a correct statement of the law.'" ***State v. Langlois***, 2018 WI 73, ¶38, 382 Wis. 2d 414, 913 N.W.2d 812 (alteration in original; citation omitted). "Where jury instructions do not accurately state the controlling law, we will examine the erroneous instructions under the standard for harmless error, which presents a question of law for our independent review." ***Beamon***, 2013 WI 47, ¶19, 347 Wis. 2d 559, 830 N.W.2d 681. If we determine that the error in the jury instructions was harmless, we then "evaluate the sufficiency of the evidence under the correct legal standard." ***Id.***, ¶20.

¶31 Similarly, but separately, "[w]hen a jury instruction is challenged as confusing or misleading, such that it is subject to misinterpretation by the jury, a conviction should not be reversed 'simply because the jury possibly could have been misled.'" ***Gonzalez***, 335 Wis. 2d 270, ¶23 (citation omitted). "Rather, an appellate court should order a new trial only if upon review of the instruction the court determines that the defendant has shown that 'there is a reasonable likelihood that the jury was misled and therefore applied potentially confusing instructions in an unconstitutional manner.'" ***Id.*** (citation omitted).

¶32 "Although a circuit court has broad discretion when instructing a jury, we review independently whether the instructions given accurately stated the law." ***State v. McKellips***, 2016 WI 51, ¶30, 369 Wis. 2d 437, 881 N.W.2d 258.

"Relief is not warranted unless the court is 'persuaded that the instructions, when viewed as a whole, misstated the law or misdirected the jury.'" *State v. Ziebart*, 2003 WI App 258, ¶16, 268 Wis. 2d 468, 673 N.W.2d 369 (citation omitted). Determining the adequacy of the jury instruction in this case requires interpretation of WIS. STAT. § 939.48, which we do independently of the circuit court. *See Service Emps. Int'l Union Healthcare v. WERC*, 2025 WI 29, ¶5, 416 Wis. 2d 688, 22 N.W.3d 876.

¶33    While we review the jury instructions as a whole, the parties focus their arguments on the portion of the jury instruction read by the circuit court that states:

> You should also consider whether the defendant provoked an alleged attack of him. A person who engages in unlawful conduct of a type likely to provoke others to attack, and who does provoke an attack, is not allowed to use or threaten force in self-defense or defense of others against that attack.

Cross argues that this portion of the jury instruction is a misstatement of WIS. STAT. § 939.48, which Cross interprets as permitting him in this case to "defend McGrew even if Cross's own actions prompted [Aaron] to point a gun at [McGrew] or strike [McGrew] with a gun." Cross contends that his interpretation of § 939.48 is correct because the "focus" under § 939.48(4) "is on the right of the defended person to defend" him or herself. Thus, Cross asserts that the circuit court incorrectly instructed the jury that if Cross provoked the attack "by the conduct for which he was convicted" in Count 2, "Cross could not use potentially deadly force in defense of McGrew" for conduct for which he was convicted of in Count 1. Cross further argues that, "[a]t best, the instruction is confusing as to whether Cross could defend McGrew from an attack by [Aaron] provoked by" Cross's first strike.

15

¶34 In response, the State argues that the jury instruction on provocation was consistent with WIS. STAT. § 939.48 because it prevented Cross "from benefitting from [the] privilege of defense of others if McGrew 'provoked an alleged attack of her' … or if Cross 'provoked an alleged attack of him.'" It is unclear from the State's briefing whether it interprets § 939.48 as prohibiting, under any circumstances, a person who provokes an attack on a third person from defending that third person from the attack.

¶35 There are two reasonable interpretations of the second sentence of the disputed portion of the jury instruction, both of which are legally problematic. Although the first sentence of the paragraph at issue directs the jury to consider whether Cross provoked "an alleged attack of *him*," the second sentence of the paragraph states that a person "who does provoke an attack, is not allowed to use or threaten force in self-defense *or defense of others against that attack*." (Emphasis added.) The combination of these sentences raises doubts as to whether the second sentence applies to an alleged attack on either McGrew or Cross or only to an alleged attack on Cross.

¶36 Accordingly, the jury could have interpreted this portion of the jury instruction as requiring it to consider either (1) the second sentence only in relation to whether Cross "provoked an alleged attack of him"; or (2) the second sentence separately from the first sentence.

¶37 The first interpretation would apply to a situation where Aaron attacked Cross after Cross provoked Aaron, and Cross had to defend himself as a result. This interpretation says nothing about whether Cross could defend McGrew if he provoked Aaron into attacking McGrew. As we explain below, this interpretation failed to inform the jury that Cross was privileged, under specific

circumstances, to defend McGrew if he provoked an attack on McGrew through the first strike. *See Gonzalez*, 335 Wis. 2d 270, ¶24.

¶38 The second interpretation of the jury instruction would apply to a situation where Cross provoked Aaron into attacking McGrew. Importantly, this reading would not have permitted Cross, under any circumstances, to defend McGrew if he provoked an attack of McGrew through the first strike. As we explain below, this instruction is a misstatement of the law. *See Langlois*, 382 Wis. 2d 414, ¶38.

¶39 The legislature has provided that

> [a] person is privileged to defend a 3rd person from real or apparent unlawful interference by another under the same conditions and by the same means as those under and by which the person is privileged to defend himself or herself from real or apparent unlawful interference, provided that the person reasonably believes that the facts are such that the 3rd person would be privileged to act in self-defense and that the person's intervention is necessary for the protection of the 3rd person.

WIS. STAT. § 939.48(4); *see also* WIS. STAT. § 939.45 ("The fact that the actor's conduct is privileged, although otherwise criminal, is a defense to prosecution for any crime based on that conduct."). Stated differently, "a defendant asserting the privilege of defense of others is constrained by the principles governing the privilege of self-defense." *Giminski*, 247 Wis. 2d 750, ¶12.

¶40 WISCONSIN STAT. § 939.48(1) defines the privilege of self-defense, stating that "[a] person is privileged to threaten or intentionally use force against another for the purpose of preventing or terminating what the person reasonably believes to be an unlawful interference with his or her person by such other person." Nevertheless, "[t]he actor may not intentionally use force which is

intended or likely to cause death or great bodily harm unless the actor reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself." *Id.* Therefore, a successful assertion of the privilege of defense of others, like the privilege of self-defense, requires a finding that the defendant actually believed he or she was acting to prevent or terminate an unlawful interference and that the defendant's belief was objectively reasonable. *See Giminski*, 247 Wis. 2d 750, ¶13; WIS JI—CRIMINAL 830 (2005).

¶41    When a defendant uses force intended or likely to cause death or great bodily harm, a successful privilege of others defense requires a finding that the defendant reasonably believed *that the force used* was necessary to prevent imminent death or great bodily harm to the third person. WIS JI—CRIMINAL 830 (2005). That belief may be reasonable, even though mistaken. *Id.*; WIS. STAT. § 939.22(32) (defining "reasonably believes"). The State, for its part, must prove beyond a reasonable doubt that the defendant was not privileged to act lawfully in defense of others. WIS JI—CRIMINAL 830 (2005); *see also Austin*, 349 Wis. 2d 744, ¶¶12, 16 (stating that when self-defense "is successfully put at issue, the burden is on the State to disprove the defense beyond a reasonable doubt").[8]

¶42    Provocation may affect a person's privilege to defend himself or herself and, therefore, defend others. Generally, "[a] person who engages in unlawful conduct of a type likely to provoke others to attack him or her and thereby does provoke an attack is not entitled to claim the privilege of self-defense

---

[8] "'Successfully' putting self-defense at issue means the defendant has satisfied the burden of production." *State v. Christen*, 2021 WI 39, ¶44 n.9, 396 Wis. 2d 705, 958 N.W.2d 746 (citation omitted).

against such attack."[9] WIS. STAT. § 939.48(2)(a). An exception to this rule exists "when the attack which ensues is of a type causing the person engaging in the unlawful conduct to reasonably believe that he or she is in imminent danger of death or great bodily harm." *Id.*

> In such a case, the person engaging in the unlawful conduct is privileged to act in self-defense, but the person is not privileged to resort to the use of force intended or likely to cause death to the person's assailant unless the person reasonably believes he or she has exhausted every other reasonable means to escape from or otherwise avoid death or great bodily harm at the hands of his or her assailant.

*Id.* Additionally, "[t]he privilege lost by provocation may be regained if the actor in good faith withdraws from the fight and gives adequate notice thereof." Sec. 939.48(2)(b). However, the statute further provides that a person is *not* entitled to the privilege of self-defense if he or she "provokes an attack, whether by lawful or unlawful conduct, with intent to use such an attack *as an excuse* to cause death or great bodily harm." Sec. 939.48(2)(c) (emphasis added). In relation to the privilege of defense of others, if the person defended "had provoked the attack, a defendant would still be allowed to act in defense" of that person "if the defendant actually and reasonably believed that" the person "was entitled to act in his or her own defense." WIS JI—CRIMINAL 835 (2005).

---

[9] For purposes of WIS. STAT. § 939.48, "unlawful" means "either tortious or expressly prohibited by criminal law or both." Sec. 939.48(6).

Neither WIS. STAT. § 939.48 nor the pattern jury instruction defines the term "provoke." The parties do not cite any case law defining the term, and this court is not aware of any such case. "Provocation" is defined by another statute as "something which the defendant reasonably believes the intended victim has done which causes the defendant to lack self-control completely at the time of causing death." WIS. STAT. § 939.44(1)(b). However, that definition is limited to § 939.44, which pertains to the adequate provocation defense to first-degree intentional homicide.

¶43    We hold that a person is privileged, within the confines of WIS. STAT. § 939.48, to defend a third person under limited circumstances if he or she provoked an attack on that third person by unlawful conduct. This conclusion is evident from the text of the statute, which, again, states that a person is privileged to defend a third person from real or apparent unlawful interference by another "*under the same conditions and by the same means as* those under and by which the person is privileged to defend himself or herself." Sec. 939.48(4) (emphasis added). In other words, a person is privileged to defend a third person under those standards provided in § 939.48(1) and (2), provided that he or she "reasonably believes that the facts are such that the 3rd person would be privileged to act in self-defense and that the person's intervention is necessary for the protection of the 3rd person." *See* § 939.48(4).

¶44    Consistent with that statute, for Cross to have been privileged to defend McGrew, he must have actually believed that McGrew would be privileged to act in self-defense and that his intervention was necessary for the protection of McGrew. *See* WIS. STAT. § 939.48(4). If the jury finds provocation by Cross at issue, Cross must have also actually believed that he was acting to prevent imminent danger of death or great bodily harm to McGrew, and his belief must have been objectively reasonable. *See* § 939.48(2)(a), (4); ***Giminski***, 247 Wis. 2d 750, ¶13. If the jury believes that Cross resorted to force intended or likely to cause death to Aaron, Cross must have reasonably believed that McGrew "exhausted every other reasonable means to escape from or otherwise avoid death or great bodily harm at the hands of his or her assailant." *See* § 939.48(2)(a). Importantly, Cross cannot claim defense of others if he provoked an attack "with intent to use such an attack as an excuse to cause death or great bodily harm." *See* § 939.48(2)(c).

¶45 Therefore, and as applied to this case, if Cross satisfied his burden of production as to the defense of others (here, McGrew), then it was the State's burden to prove that Cross did not act within the confines of WIS. STAT. § 939.48. *See Austin*, 349 Wis. 2d 744, ¶¶12, 16. Given the facts of this case, and for the reasons explained, the jury was not properly instructed in this regard.

### C. Harmless error & due process

¶46 "[W]here a jury instruction erroneously states the applicable statute, we must determine whether, under the totality of the circumstances, the erroneous instruction constituted harmless error." *Beamon*, 347 Wis. 2d 559, ¶27. To accomplish this task, we "ask whether it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Id.*, ¶27 (citations omitted); *see also State v. Williams*, 2015 WI 75, ¶59, 364 Wis. 2d 126, 867 N.W.2d 736 ("To affirm a conviction based on an erroneous instruction, a court must be convinced beyond a reasonable doubt that the jury still would have convicted the defendant of the charge had the correct jury instruction been provided."). Here, that question can be framed as whether it is clear beyond a reasonable doubt that a rational jury would have found Cross guilty of Count 1—which related to the second strike—if the circuit court had properly instructed the jury on the defense of others and provocation.

¶47 Similarly, a new trial is warranted when a jury instruction was confusing or misleading if the defendant establishes "that there was a reasonable likelihood that the jury applied the instruction in a way that denied the defendant 'a meaningful opportunity for consideration by the jury of his defense … to the detriment of the defendant's due process rights.'" *Gonzalez*, 335 Wis. 2d 270, ¶24 (citation omitted). "[A] jury applies an instruction in an unconstitutional manner

if it believes that such instruction 'precludes consideration of constitutionally relevant evidence.'" *Id.*, ¶24 n.11 (alteration in original; citation omitted).

¶48 At the outset, there is no question that the jury instructions correctly outlined the law on provocation as it applied to McGrew. The instructions permitted the jury to find that Cross was privileged to intentionally use force to defend McGrew on Count 1 if the jury found that McGrew provoked an attack of herself. Likewise, the jury instructions correctly outlined the law if the jury found that provocation was not at issue. Specifically, the jury instructions stated that Cross was privileged to intentionally use force to defend McGrew only if Cross reasonably believed that there was an actual or imminent unlawful interference with McGrew; that McGrew was entitled to use or to threaten to use force in self-defense; and that the amount of force used was necessary for the protection of McGrew. *See* WIS. STAT. § 939.48(2), (4); WIS JI—CRIMINAL 830 (2005).

¶49 The undisputed facts from trial demonstrated that McGrew, Aaron, and Jennifer engaged in a fight in the American Foods parking lot, which lasted for approximately 30 seconds.[10] Eighteen seconds later, Cross drove his vehicle toward Aaron (the basis for Count 2), and Aaron pointed a firearm at Cross. At this point, Cross backed his vehicle away from Aaron. The evidence at trial further demonstrated that McGrew and Jennifer engaged in a second fight shortly thereafter and that Aaron approached McGrew and Jennifer.

¶50 Additionally, the jury could have reasonably found that Aaron did not put the firearm away after the first strike and, instead, hit McGrew with the

---

[10] Surveillance video from the American Foods parking lot was admitted into evidence and played for the jury.

firearm and, most importantly, pointed it at her. A screenshot of the surveillance video was admitted into evidence, and it shows the moment just before Cross drove at Aaron a second time. In the photograph, Aaron can be seen with his arm extended and pointed at McGrew. While it is unclear if Aaron is holding the firearm in his extended hand, the jury could have reasonably determined, based on testimony and the surveillance video, that he was holding the firearm at that time, particularly in light of the uncontroverted evidence that Aaron fired several gunshots at Cross following the second strike. In addition, Cross testified that Aaron struck McGrew with his firearm and then pointed the firearm at her, and this testimony was consistent with McGrew's testimony. Cross stated that he struck Aaron the second time because he "feared for [McGrew's] life."

¶51 Thus, we conclude that a reasonable jury could find that the first strike was conduct of a type likely to provoke Aaron, *see* WIS. STAT. § 939.48(2), and Cross observed that Aaron reacted to Cross's first, unlawful, strike by pointing the firearm at McGrew.[11] A reasonable jury could also find that Aaron's actions constituted a "real or apparent unlawful interference" with McGrew, *see* § 939.48(4), (6); that Cross actually, and reasonably, believed that he was acting to prevent or terminate the unlawful interference at the time of the second strike and that his intervention was necessary to protect McGrew, *see* § 939.48(4); that Cross actually, and reasonably, believed that the force used in the second strike was

---

[11] A reasonable jury could alternatively find that Aaron was *independently* reacting to the fact that McGrew and Jennifer were themselves again fighting and that the first strike had no impact on Aaron's actions. Again, the jury instructions correctly stated that Cross was privileged to defend McGrew if the jury did not find that provocation was at issue or if the jury found that McGrew provoked an attack of herself. Our analysis and conclusion should not be construed as offering an opinion regarding any factual issue that is to be determined by a trier of fact. Rather, our analysis and conclusion recognizes that a reasonable jury could find, based on the evidence presented at the trial, that Cross provoked Aaron into attacking McGrew through the first strike.

necessary to prevent imminent death or great bodily harm to McGrew, *see* § 939.48(2)(a); and that Cross reasonably believed that McGrew "exhausted every other reasonable means to escape from or otherwise avoid death or great bodily harm at the hands of"[12] Aaron, *see id.* Even if the jury found that Aaron was not holding a firearm pointed at McGrew immediately prior to the second strike, it could still have found that Cross's beliefs were reasonable, even though mistaken. *See id.*; WIS. STAT. § 939.22(32). Given this evidence, it is clear that Cross satisfied his burden of production, placing the burden on the State to prove that Cross did not act within the confines of § 939.48 at the time of the second strike.

¶52 However, the jury was not provided with a proper instruction to consider this issue. Because a reasonable jury could determine these factual issues in favor of Cross had it been properly instructed, it is not clear beyond a reasonable doubt that a rational jury would have found Cross guilty absent the error. *See Beamon*, 347 Wis. 2d 559, ¶27. Moreover, the first interpretation of the jury instruction says nothing about whether Cross could defend McGrew if he provoked the attack. For the same reasons the jury instruction error was not harmless under the second interpretation, the first interpretation of the instruction prevented the jury from considering whether Cross was privileged to defend McGrew from an attack that he provoked. *See Gonzalez*, 335 Wis. 2d 270, ¶24.

---

[12] A jury would also be required to consider "whether by lawful or unlawful conduct," Cross provoked Aaron "with intent to use such an attack as an excuse to cause death or great bodily harm." *See* WIS. STAT. § 939.48(2)(c). If a jury makes such a finding, Cross would not have been privileged to act in defense of McGrew. The State does not cite any evidence from the trial suggesting that a reasonable jury would find that Cross provoked an attack on McGrew for purposes of using the attack as an excuse to cause death or great bodily harm to Aaron.

¶53 The State argues that the jury clearly found Cross and McGrew incredible and, therefore, that any error in the jury instruction was harmless and did not mislead the jury. Given the evidence presented at the trial, we cannot say beyond a reasonable doubt that Cross's and McGrew's testimony was so incredible that no rational jury could reach the factual findings necessary to acquit Cross on Count 1 on the basis of defense of others. Regardless of the jury's perception of their credibility, the jury was not instructed, under either interpretation of the jury instruction, that Cross was permitted, within the confines of WIS. STAT. § 939.48, to defend McGrew if the jury found that he provoked potentially unlawful conduct toward McGrew. Therefore, the jury would not have been able to find Cross not guilty on Count 1 even if it found Cross's and McGrew's testimony credible.

¶54 For the foregoing reasons, we reverse Cross's conviction on Count 1 and that portion of the postconviction order denying Cross relief on that count. We remand for further proceedings on that count, consistent with this opinion.

## II. Ineffective assistance of counsel

¶55 Cross next argues that his defense counsel was ineffective by failing to impeach Aaron at trial with the number of his prior convictions, pursuant to WIS. STAT. § 906.09.[13]

¶56 To demonstrate that counsel was ineffective, a defendant must prove both that counsel's performance was deficient and that the deficient performance

---

[13] In his postconviction motion, Cross sought a new trial based on ineffective assistance of counsel on both counts. Because we reverse Cross's conviction on Count 1 and that portion of the postconviction order denying Cross relief on that count on other grounds, we will focus our analysis of Cross's ineffective assistance claim on Count 2 (i.e., the first strike).

was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prove deficient performance, a defendant must show specific acts or omissions of counsel that are 'outside the wide range of professionally competent assistance.'" *State v. Arredondo*, 2004 WI App 7, ¶24, 269 Wis. 2d 369, 674 N.W.2d 647 (2003) (citation omitted). To prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The focus of this inquiry is not on the outcome of the trial, but on 'the reliability of the proceedings.'" *State v. Thiel*, 2003 WI 111, ¶20, 264 Wis. 2d 571, 665 N.W.2d 305 (citation omitted). "If the defendant fails to satisfy either prong, we need not consider the other." *State v. Breitzman*, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93.

¶57 "A claim of ineffective assistance of counsel presents a mixed question of law and fact." *Thiel*, 264 Wis. 2d 571, ¶21. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* However, "[w]hether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel is a question of law, which we review de novo." *Id.*

¶58 Pursuant to WIS. STAT. § 906.09(1), "a witness may be asked whether the witness has ever been convicted of a crime or adjudicated delinquent and the number of such convictions or adjudications" "[f]or the purpose of attacking character for truthfulness." Generally, "no further inquiry may be made" "[i]f the witness's answers are consistent" with the number of convictions as determined to be admissible by the circuit court. Sec. 906.09(1), (3).

¶59 At the ***Machner*** hearing, defense counsel testified that prior to the trial, he received information from the State regarding the number and nature of Aaron's prior convictions, and he believed that there was a stipulation with the State about which of Aaron's convictions could be admitted at trial. Specifically, according to the records the State sent to defense counsel, Aaron had at least six criminal convictions; however, the parties stipulated that five of those convictions would be admissible for purposes of WIS. STAT. § 906.09.[14] Defense counsel conceded that he did not ask Aaron on cross-examination whether Aaron had any prior convictions, and counsel stated he could not recall having a strategic reason for failing to impeach Aaron with that information.

¶60 The circuit court assumed, without deciding, that defense counsel was constitutionally deficient by failing to impeach Aaron with his prior convictions. The court concluded, however, that Cross was not prejudiced by his counsel's potential deficient performance because Aaron was "thoroughly cross-examined at trial" regarding his truthfulness about the events underlying Cross's criminal charges and counsel was able to use the surveillance video evidence to impeach Aaron.

¶61 On appeal, Cross argues that while the surveillance video was important, it was not "dispositive" and there was "conflicting testimony as to what happened after the first hit." Cross, however, does nothing more to explain how he was prejudiced by his defense counsel's alleged deficient performance as it relates to Count 2, and we will not develop an argument on his behalf.

---

[14] Cross concedes, for purposes of appeal, that five convictions was a proper number of Aaron's convictions under WIS. STAT. § 906.09.

27

*See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶62    Nonetheless, upon our independent review, we agree with the circuit court that there is not a reasonable probability that the result of the trial on Count 2 would have been different had defense counsel impeached Aaron with his five prior convictions. The surveillance video, along with the testimony from various witnesses, clearly demonstrated that Cross drove his vehicle at Aaron the first time and did so at least 15 seconds after the initial fight between McGrew and Aaron and Jennifer had ended. At the moment of the first strike, McGrew was approximately 30 to 40 feet away from Aaron and Jennifer. Cross did not argue that Aaron had pointed the firearm at him or McGrew prior to the first strike.

¶63    Therefore, Aaron's credibility or character for truthfulness was not particularly relevant as it pertained to Cross's guilt on Count 2. For purposes of the lesser included charge for which Cross was convicted on Count 2, the State needed to prove only that Cross endangered the safety of another human being by criminally reckless conduct with the use of a dangerous weapon, which here was his vehicle. *See* WIS. STAT. § 941.30(2); WIS JI—CRIMINAL 1347 (2015). Defense counsel's failure to impeach Aaron with the number of his prior convictions did not affect the outcome of the trial on that count.

## CONCLUSION

¶64    In all, the jury instruction for provocation on Count 1 either misstated that the jury could not consider defense of others if Cross provoked Aaron into attacking McGrew, or it was silent on this issue and, therefore, misleading. Because the facts at trial on the issue of provocation and the defense of others could reasonably be construed in Cross's favor, these errors were not

immaterial or harmless. Accordingly, we reverse Cross's judgment of conviction on Count 1 and that portion of the postconviction order denying Cross relief on that count. We remand for further proceedings (including a new trial if necessary), consistent with this opinion.

¶65 With respect to Count 2, we modify Cross's judgment of conviction on that count, affirm the judgment of conviction on that count as modified, and affirm that portion of the postconviction order denying Cross's ineffective assistance of counsel claim.

*By the Court.*—Judgment modified in part and, as modified, affirmed in part and reversed in part; order affirmed in part and reversed in part; cause remanded for further proceedings.

Recommended for publication in the official reports.